UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOWEN ENGINEERING CORPORATION, et al., | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | )    No. 4:15CV32 RLW <br> ) |
| PACIFIC INDEMNITY CO., et al., | ) <br> ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Third Party Defendant Walters Metal Fabrication, Inc.'s ("Walters") Motion to Dismiss Third Party Complaint (ECF No. 77). Also pending is Bowen Engineering Corporation's ("Bowen") Motion for Reconsideration (ECF No. 79). The motions are fully briefed and ready for disposition.

## Background

This case stems from a biofuels construction project in Hugoton, Kansas. The "Hugoton Biomass Ethanol and Cogen Plant Project" was owned and operated by Abengoa Bioenergy Biomass of Kansas ("Abengoa") and Abener Teyma Hugoton, GP ("Abener"). (Bowen's First Amended Complaint ("FAC") ¶¶ 1,3, ECF No. 62) Abener also acted as the contractor on the project,[1] awarding two contracts to Defendant Scott Process Systems, Inc. ("SPSI") "for the supply, fabrication, assembly, and delivery of process pipe rack and equipment modules." (Notice of Removal Ex. 1 p. 13, ECF No. 1-1) To fulfill this contract, SPSI contracted with Walters "for supply, fabrication, assembly and delivery of the pipe rack and equipment modules, exclusive of piping supply and fabrication." (*Id.*) Walters then entered into an Assembly

---

[1] Bowen disputes this finding by the District Court of Kansas in its Motion to Reconsider.

Services Agreement with Bowen for "the final assembly of the pipe rack and equipment modules." (*Id.*) Bowen claims that Walters failed to pay it according to the terms of the Assembly Service Agreement and filed a mechanic's lien in the Stevens County District Court on November 5, 2013 pursuant to K.S.A. 60-1103. (*Id.* at p. 35) SPSI disputed Bowen's claim and subsequently filed a Release of Lien Bond, secured by Pacific Indemnity Co. ("Pacific"). (*Id.* at p. 48)

On June 16, 2014, Bowen filed a Petition for Damages and Foreclosure of Mechanic's Lien through Recovery against Lien Surety Bonds in Kansas state court against SPSI, Pacific, and Walters. (*Id.* at pp. 2-11) SPSI removed the action to the United States District Court for the District of Kansas on July 22, 2014. (Notice of Removal, ECF No. 1) SPSI and Pacific subsequently filed a Motion for Judgment on the Pleadings.[2] (Mot. to Dismiss, ECF No. 29) Walters settled with Bowen, and pursuant to the agreement, Walters assigned its claims against SPSI to Bowen. (Mot. for Extension of Time ¶ 2, ECF No. 55; Settlement Agreement, ECF No. 62-1) Bowen then filed its First Amended Complaint on December 9, 2014. (FAC, ECF No. 62) On December 23, 2014, Defendants SPSI and Pacific filed a third party complaint against Walters, seeking contractual indemnification, equitable indemnification, and offset amounts. (Third Party Compl., ECF No. 65) The complaint additionally alleges breach of contract relating to purchase orders and projects. (*Id.*) The District Court of Kansas granted Defendant's Motion for Judgment on the Pleadings on January 6, 2015. (Mem. and Order, ECF No. 66) The court also transferred the action to the Eastern District of Missouri pursuant to a forum selection clause in the Assembly Services Agreement. (*Id.* at pp. 8-15)

---

[2] The Defendants initially filed the motion as a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). However, on September 9, 2014, SPSI and Pacific requested that the court treat the Motion to Dismiss as one for Judgment on the Pleadings pursuant to Rule 12(c). (ECF No. 32)

2

## Defendant Walters' Motion to Dismiss

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556 (citations omitted). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

3

When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

Here, third party Defendant Walters argues that SPSI and Pacific failed to state a claim for contractual indemnification or equitable indemnification. Walters does not address the other counts in the Third Party Complaint, and Counts III through VIII remain pending. SPSI and Pacific filed a response in opposition asserting that their Third Party Complaint states a claim for indemnification. Walters did not file a reply brief, and the time for doing so has expired.

Walters first asserts that Defendants are unable to state a claim for contractual indemnification because the agreement upon which Defendants rely is between SPSI and Abener, not SPSI and Walters. The relevant provision in the Contract for Modularization/Racks between SPSI and Abener states:

> If, at any time, Abener Teyma Hugoton shall receive notice of a claim against Contractor for which a lien of any type could be established or for which, if valid, Abener Teyma Hugoton, its partners, Owner, their respective employees and/or their sureties might become liable, and if such claim in any way relates to, or arises out of, the Goods and/or Supply thereof . . .
>
> . . . [and] [i]n the event that any such lien referred to in the preceding paragraph shall be filed or recorded, or in the event Abener Teyma Hugoton, its partners, Owner, their respective employees and/or their sureties might become directly liable for a claim . . . . [and] if Contractor shall have been fully paid, Contractor shall pay the amount of such deficiency, or the amount required to satisfy such lien, levy, garnishment or attachment or to pay such claim and Abener Teyma Hugoton's cost and expenses in connection therewith to Abener Teyma Hugoton on demand.

(Third Party Compl., Ex. 1 § 3.15, ECF No. 65-1)

SPSI and Pacific maintain that the Purchase Order Agreement between Walters and SPSI obligates Walters to pay any lien because the Purchase Order Agreement incorporates the aforementioned contract provision. The Purchase Order Agreement states that "[b]oth Parties

4

agree that the terms and conditions of the Prime Contracts apply to each Party's scope of work. In the event of conflict between any of the Prime Contract Terms and this Agreement, this Agreement shall take priority." (Third Party Compl., Ex. 2 § 4, ECF No. 65-2) However, Walters argues that § 3.15 does not refer to the scope of work and only applies to claims or liens for which Abener may become liable.

The Court finds that, at this stage of the litigation, SPSI and Pacific have stated a plausible claim for relief. While Walters argues that only the provisions defining scope[3] were incorporated in the Purchase Order Agreement, the Defendants assert that the incorporation clause encompasses all "terms and conditions" and applies to Walters' scope of work, not just provision defining "scope." Walters does not contradict this interpretation in a reply brief. Without undergoing a complete contract analysis, the Court finds that, at the motion to dismiss stage, to interpret otherwise could render the "terms and conditions of the Prime Contract" language meaningless. *See Women's Care Specialists, LLC v. Troupin*, 408 S.W.3d 310, 319 (Mo. Ct. App. 2013) (citations omitted) (noting that courts must give effect to the plain and ordinary meaning of the words in a contract, consider the document as a whole, and construe each term to avoid an effect that renders other terms meaningless). Courts prefer construction that gives a reasonable meaning to all of the provisions of an agreement over one that leaves some provisions without "'function or sense.'" *Id.* (quoting *Stacey v. Redford*, 226 S.W.3d 913, 917 (Mo. Ct. App. 2007)).

Here, Defendants SPSI and Pacific have alleged that the terms and conditions obligate Walters to indemnify SPSI if Bowen prevails on its claim for recovery of the lien. The

---

[3] The Contract for Modularization defines the "scope" as including "all of the Goods, including any necessary design, shown on and required by the drawings, specifications and other documents (including models) . . . ." (Third Party Compl. Ex. 1 § 2.1, ECF No. 65-1)

5

incorporation of § 3.15 indicates that Walters, having been fully paid, could be responsible for the lien amount. Thus, the Court finds that dismissal of Defendants' contractual indemnity claim is not warranted.

With regard to equitable indemnification, the Court finds that Defendants have stated a claim sufficient to survive Walters' motion to dismiss. In addition to contractual indemnity, Missouri recognizes common law indemnity. *Beeler v. Martin*, 306 S.W.3d 108, 111 (Mo. Ct. App. 2010). Equitable indemnification requires a showing of: "(1) 'the discharge of an obligation by [Defendants]'; (2) 'the obligation discharged by [Defendants] is identical to an obligation owed by [Walters]'; and (3) 'the discharge of the obligation by [Defendants] is under such circumstances that the obligation should have been discharged by [Walters], and [Walters] will be unjustly enriched if [Walters] does not reimburse [Defendants] to the extent that [Walters'] liability had been discharged'." *Id.* (quoting 35 Robert H. Dierker & Richard Mehan, Missouri Practice: Contracts, Equity, and Statutory Actions Handbook § 41.2 (2009)).

Here, Walters failed to pay Bowen for its services, which Walters acknowledged in the settlement agreement with Bowen. (First Am. Compl., Ex. A, ECF No. 62-1) Bowen is now suing SPSI for the money Walters owes. SPSI and Pacific correctly note that, if SPSI is required to pay Bowen, SPSI would be discharging Walters' contractual obligations. However, Walters argues that SPSI and Walters do not have identical duties and have been sued under different theories, thus rendering equitable indemnity inapplicable. The case upon which Walters relies is inapplicable to the present case. In *American Nat'l Prop. and Cas. Co. v. Ensz & Jester, P.C.*, the court addressed whether the Missouri statute pertaining to contribution between tort-feasors, Mo. Rev. Stat. § 537.060, barred indemnification after settlement of the underlying tort action. 358 S.W.3d 75, 78 (Mo. Ct. App. 2011). The court found that § 537.060 precluded plaintiff

from seeking any type of indemnification from the defendants. *Id.* The court declined to address the applicability of the equitable indemnification to contract or vicarious liability cases, as those claims were not present. *Id.* at 87.

The Court thus finds that Defendants have sufficiently alleged that an award of damages in Bowen's favor would constitute the same payment obligation that Walters owed Bowen. (Third-Party Compl. ¶ 29, ECF No. 65) Additionally, SPSI and Pacific allege that Walters would be unjustly enriched if SPSI and/or Pacific discharged Walters' payment obligation. (*Id.* at ¶ 31) Because SPSI and Pacific's complaint alleges a plausible claim for equitable indemnification, the Court will deny Walters' motion to dismiss.

### Bowen's Motion for Reconsideration

Also before the Court is Bowen's Motion for Reconsideration, asking this Court to reverse the portion of the District Court of Kansas' order which granted judgment on the pleadings in favor of SPSI and Pacific pertaining to Bowen's claim for relief on the bond. Bowen contends that the District Court of Kansas made manifest errors of law and fact by applying the incorrect standard to the motion and by misapplying Kansas' mechanic's lien act.

Bowen acknowledges that "[w]hether to grant a Rule 60(b) motion for reconsideration is committed to the sound discretion of this Court." *O'Grady v. City of Ballwin*, 866 F. Supp. 2d 1073, 1080 (E.D. Mo. 2012) (citations omitted). Further, motions to reconsider serve the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence. *Id.* (citations omitted). Bowen contends that the District Court of Kansas made a manifest error or law in finding that Bowen did not have a valid lien on the Biomass project. Specifically, Bowen claims that it had a valid lien on the project because Bowen contracted with a subcontractor based on the fact that Abener was merely an agent of the owner, not a contractor,

as determined by the District Court of Kansas. Defendants SPSI and Pacific note that in Rule 60(b) motions addressing non-final, interlocutory orders, such orders should be reconsidered only if the moving party did not have a fair opportunity to argue the matter previously and granting the motion is necessary to correct a significant error. *Halloran v. Houlihan's Rests., Inc.*, No. 4:11-cv-01028-DGK, 2013 WL 544011, at *1 (W.D. Mo. Feb. 12, 2013); *see also Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) ("Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress."). The Court finds no such error here.

The Memorandum and Order entered by the District Court of Kansas indicates that the court thoroughly considered the arguments presented in the Defendants' motion for judgment on the pleadings and responses thereto. Bowen raises the same arguments in the present motion to reconsider and asks for a different result. At the outset, the Court notes that Bowen has not presented newly discovered evidence. Instead, Bowen argues that the District Court of Kansas committed a manifest error in law or fact warranting reversal of the court's order.

Bowen first argues that the court misapplied the standard for ruling on a motion for judgment on the pleadings by making inferences in favor of the movants and not Bowen, the non-moving party. The Court disagrees. "A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standards as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Petty v. City of Topeka*, No. 12-4080-RDR, 2013 WL 1776360, at *1 (D. Kan. April 25, 2013) (citation omitted). As stated above, courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *Twombly*, 550 U.S. at 555. However, "[w]here the allegations show on the face of the complaint there is some

insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). "In addressing a motion to dismiss, '[t]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.'" *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (quoting *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir.2010) (citation omitted)); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, . . . , and documents incorporated into the complaint by reference . . . .") (internal citations omitted).

Here, the District Court of Kansas properly considered not only the allegations contained in Bowen's Complaint and First Amended Complaint, but also the exhibits Bowen attached to the Complaints. However, "'factual allegations that contradict . . . a properly considered document are not well-pleaded facts that the court must accept as true.'" *Hall v. Associated Int'l Ins. Co.*, No. 11-CV-4013-JTM/DJW, 2011 WL 3299104, at *3 (D. Kan. Aug. 1, 2011) (quoting *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) (citation omitted)). The court considered the documents attached to Complaints and noted that, in particular, Bowen's own lien statement indicated that Abener was the project contractor. (Defs.' Response in Opp. Ex. 1 p. 1, ECF No. 86-1)

Bowen also argues that the District Court of Kansas erred in determining that Abener, and not SPSI, was the true contractor, and thus ultimately determining that Bowen was too remote to be entitled to a mechanic's lien. Review of the opinion shows that the court thoroughly assessed the applicable Kansas law, which allows a claimant to proceed against a

statutory bond only if the claimant could have enforced and perfected a lien. Under Kan. Stat. Ann. § 60-1103(a):

> Any supplier, subcontractor or other person furnishing labor, equipment, material or supplies, used or consumed at the site of the property subject to the lien, under an agreement with the contractor, subcontractor or owner contractor may obtain a lien for the amount due in the same manner and to the same extent as the original contractor . . . .

"'Suppliers of material to a second tier or sub-contractor are not within the purview of the protection afforded by mechanic's liens and contractors' public works bond.'" *BRB Contractors, Inc. v. Akkerman Equip., Inc.*, 935 F. Supp. 1156, 1160 (D. Kan. 1996) (quoting *Wichita Sheet Metal Supply, Inc. v. Dahlstrom & Ferrell Constr. Co.*, 792 P.2d 1043, 1044 (Kan. 1990)). Further, the court properly determined that, under Kansas statute, Abener could be Abengoa's agent and a contractor. The court noted that Kan. Stat. Ann. § 1103(b)(2) recognizes the concept of an "owner contractor," which is defined as "any person, firm, or corporation who: . . . enters into contracts with more than one person, firm or corporation for labor, equipment, material or supplies used or consumed for the improvement of such real property." Here, the relationship between the parties indicates that Abener hired SPSI to provide process plant pipe rack and equipment modules for the project, not all labor and materials to construct the plant. Thus, as found by the District Court of Kansas, the lien would arise only in favor of the immediate suppliers and subcontractors, which did not include Bowen, the third-tier claimant.[4]

Finally, this Court agrees that the case upon which Bowen relies to show a special relationship sufficient to move Bowen to a second-tiered subcontractor is inapposite. In *BRB*

---

[4] Bowen relies on case law from Missouri to support its assertion that an owner's agent may not also act as a contractor. In *Tharp v. Keeter/Schaefer Invs., L.P.*, the Missouri court found that a putative general contractor was actually an agent of the owner and not a true contractor. 943 S.W.2d 811, 816-17 (Mo. Ct. App. 1997). That case, however, was determined on the facts and based upon Missouri case law, not any Missouri statute identical to the Kansas statue in the present case. Thus, the Court finds *Tharp* inapplicable.

*Contractors*, a third-tiered claimant filed a claim against a bond and defined the relationship between the subcontractor and the sub-subcontractor as a joint venture. *Id.* at 1160. The *BRB Contractors* court found that the potential existence of a joint venture, and the resulting possibility that the claimant could make a claim under the bond, must be submitted to the trier of fact. *Id.* at 1160-61. Contrary to Bowen's assertion, the relationship in *BRB Contractors* is not analogous to the relationship between Abengoa and Abener. As correctly stated by the District Court of Kansas in the present case, whether Abener was an agent or even involved in a joint venture, SPSI was still a subcontractor of the owner contractor as provided by Kan. Stat. Ann. § 60-1103(b). As such, Bowen is too remote a supplier to assert mechanic's lien rights for its work on the project. Thus, the Court finds that the District Court of Kansas did not commit a manifest error in law or fact warranting reversal of the court's order.

Accordingly,

**IT IS HEREBY ORDERED** that Third Party Defendant Walters Metal Fabrication, Inc.'s Motion to Dismiss Third Party Complaint (ECF No. 77) is **DENIED.**

**IT IS FURTHER ORDERED** that Bowen Engineering Corporation's Motion for Reconsideration (ECF No. 79) is **DENIED.**

Dated this 7th day of July, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**